UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANDELAY KFT.,

                              Plaintiff,

                -against-

QX WORLD KFT., WILLIAM C.
NELSON, *also known as* DESIRÉ
DUBOUNET, *and* WHITE DOVE GLOBAL
MARKETING LTD.,

                              Defendants.

**ORDER**

25-cv-1368 (ER)

RAMOS, D.J.:

Mandelay Kft. ("Mandelay") filed a complaint against QX World Kft. ("QX World"),

William C. Nelson, also known as Desiré Dubounet ("Dubounet"), and White Dove Global

Marketing Ltd. ("White Dove") on February 17, 2025.  Doc. 1.  Dubounet, proceeding *pro se*,

brought counter claims against Mandelay and cross claims against QX World and White Dove on

October 12, 2025, Doc. 59, which were later amended on October 16, 2025, Doc. 60.  On

November 11, 2025, Dubounet filed a motion for a preliminary injunction and temporary

restraining order against all three parties, seeking to enjoin the continued use of allegedly false

advertising or monetary compensation.  Doc. 82.  On November 21, 2025, all three parties filed

oppositions to Dubounet's motion, Mandelay filing one individually, and QX World and White

Dove filing one jointly.  Docs. 88, 89.

A preliminary injunction is an "extraordinary and drastic remedy."  *Sussman v. Crawford*,

488 F.3d 136, 139 (2d Cir. 2007).  "A party seeking a preliminary injunction must ordinarily

establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in

the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an

injunction is in the public interest." *Demirayak v. City of New York*, 746 F. App'x 49, 51 (2d Cir.

2018) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)).  Further, where a party seeks to alter

the status quo, a "heightened standard" applies, whereby the requesting party "must make a clear

showing that he is entitled to requested relief, or that 'extreme or very serious damage' will result

from denial of preliminary relief."  *Id.*  "In the Second Circuit, the same legal standard governs

the issuance of preliminary injunctions and TROs."  *Manning v. City of New York*, No. 24 Civ.

4747 (LGS), at *1 (S.D.N.Y. July 11, 2024) (citing *Loc. 1814, International Longshoremen's

Association, AFL-CIO v. New York Shipping Association, Inc.*, 965 F.2d 1224, 1228 (2d Cir.

1992).[1]

In her motion, Dubounet argues that Mandelay, QX World, and White Dove are currently

engaging in false advertising by "not using the proper FDA 510k Class 2 registration[2] for their

biofeedback device," and seeks an injunction under 15 U.S.C. § 52.  Doc. 82 at 1, 3.  In cease-

and-desist letters attached to her motion, Dubounet notified the parties that they were distributing

a biofeedback device under a misleading name which implied that it was using intellectual

property owned by Dubounet.  Doc. 82-1 at 2.  Dubounet argues that this conduct has impacted

the public at large, putting "thousands of buyers into regulatory danger and putting millions of

patients into danger."  The Court understands Dubounet to request preliminary relief either to

---

[1] In her brief, Dubounet cites the legal standard needed to withstand a motion to dismiss, not the standard for the entry of a preliminary injunction.  Doc. 82 at 1

[2] Generally, a 510(k) submission "is a premarket submission made to [the] FDA to demonstrate that the device to be marketed is as safe and effective, that is, substantially equivalent, to a legally marketed device." *Premarket Notification 510(k)*, U.S. F.D.A. (last visited Nov. 25, 2025), https://www.fda.gov/medical-devices/premarket-submissions-selecting-and-preparing-correct-submission/premarket-notification-510k.  "If your device is classified as Class I or II, and if it is not exempt, a 510k will be required for marketing." *Classify Your Medical Device*, U.S. F.D.A. (last visited Nov. 25, 2025), https://www.fda.gov/medical-devices/overview-device-regulation/classify-your-medical-device.

enjoin the distribution of the device using her intellectual property or to force Mandelay, QX

World, and White Dove to pay her for its continued use.  Doc. 82 at 1.  Dubounet also argues that

this conduct has resulted in damages to her personal finances, reputation, and business for which

she seeks $10 million from the three parties. *Id*. at 2–3.[3]

Mandelay, QX World, and White Dove all argue that Dubounet has failed to meet the

high legal standard to justify preliminary injunctive relief.  *See generally* Docs. 88, 89.

Mandelay argues that Dubounet fails to identify specific actions that she seeks to enjoin, fails to

allege irreparable injury as she seeks monetary relief, and fails to demonstrate likelihood of

success on the merits of her claims as her motion is "extremely sparse on facts." Doc. 89 at 4.

QX World and White Dove argue that (1) Dubounet's 15 U.S.C. § 52 claim will fail, as the

Federal Trade Commission Act ("FTCA") can only be enforced by the Federal Trade

Commission ("FTC"), Doc. 88 at 8; and (2) Dubounet has failed to establish irreparable harm, as

she requests monetary compensation, Doc. 88 at 6–7.

The Court finds that Dubounet has failed to demonstrate a likelihood of success on the

merits and irreparable harm.  First, the FTCA does not provide a private right of action, and

therefore Dubounet cannot bring a claim alleging violation of 15 U.S.C. § 52.  *See Charych v.

Siriusware, Inc.,* 790 F. App'x 299, n.2 (2d Cir. 2019) ("The [c]omplaint also references the

Federal Trade Commission Act . . . . The district court properly declined to address these claims.

---

[3] In her motion, Dubounet makes passing reference to additional claims.  First, Dubounet suggests that Mandelay, QX World, White Dove's behavior constitutes a "hate crime against transsexuals," breach of contract, theft of trade secrets, and copyright infringement.  Docs. 82, 82-1.  To the extent that Dubounet's injunction is premised upon these claims, she has not alleged sufficient facts to demonstrate a "clear showing that [s]he is entitled to [the] requested relief."  *Demirayak*, 746 F. App'x at 5.

Further, at the end of her motion, Dubounet also notes that she has evidence of potential slander and libel claims but states that evidence "is for a different motion."  Doc. 82 at 3.  Accordingly, the Court does not address those potential claims.

There is no private right of action under the FTCA . . . .").

Further, Dubounet has not demonstrated that she will suffer irreparable harm without an injunction. In her motion, Dubounet indicates that a monetary award would remedy the alleged violations; however, "[i]njury is not irreparable when 'a monetary award' may provide 'adequate compensation.'" *See Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 358 (2d Cir. 2024). While Dubounet briefly argues that there are broader harms to the public at large, to obtain a preliminary injunction or TRO, Dubounet must identify an irreparable harm that she herself faces. *See id.*

For the reasons stated above, the Court denies Dubounet's motion for a preliminary injunction and temporary restraining order. The Clerk of Court is respectfully directed to terminate the motion, Doc. 82.

SO ORDERED.

Dated:    November 26, 2025
          New York, New York

_____
          Edgardo Ramos, U.S.D.J.