

LOMBARD & GELIEBTER LLP
1325 Avenue of the Americas, 28th Fl.
New York, NY 10019
T 212.520.1172
F 646.349.5567
**www.LombardIP.com**

DARREN M. GELIEBTER
E-MAIL: dgeliebter@lombardip.com
DIRECT DIAL: +1 (212) 520-1172

December 4, 2025

**MEMO ENDORSED**

<u>*Via ECF*</u>

at page 2

The Honorable Edgardo Ramos, U.S.D.J.
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Courtroom 619

> **Re:**   ***Mandelay Kft. v. QX World Kft., et al.*, No. 25-cv-01368-ER**
> **<u>Request for Extension of Time to File Reply Brief for Motion to Dismiss</u>**

Dear Judge Ramos:

This firm represents Defendants QX World Kft. ("QXW") and White Dove Global Marketing Ltd. ("White Dove") (collectively "Defendants") in the above-referenced matter. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), Local Civil Rule 7.1(e), and Rules 1(A) and 1(E) of Your Honor's Individual Practices, I submit this letter-motion with the consent of counsel for Plaintiff Mandelay Kft. ("Plaintiff") respectfully requesting a three-day, retroactive extension of the deadline for Defendants to file their Reply Brief in Support of Defendants' Motion to Dismiss Mandelay's Complaint attached as Exhibit A ("Reply Brief"), and that the attached Reply Brief be deemed effectively filed today, December 4, 2025.

This deadline was previously set for December 1, 2025 in the Court's October 10, 2025 order. ECF No. 58. This order granted the previous consent letter-motion for extension of time for all deadlines for all three pending motions to dismiss in this action. ECF No. 57. The previous extension was requested due to the combination of a number of overlapping deadlines during observance of the Jewish holidays. *Id.* at 1.

The reason for this extension request is the inadvertent failure by counsel for Defendants to timely file the Reply Brief on December 1, 2025. Due to a discrepancy in dates between the Court's October 10, 2025 order (ECF No. 58) setting the deadline for December 1, 2025, and the text entry entered on October 10, 2025 stating "Replies due by 12/18/2025," our firm mistakenly docketed the December 18, 2025 date as the deadline to file Defendants' Reply Brief. This was completely inadvertent and unintentional; Defendants' counsel did not discover this issue until after the December 1, 2025 deadline had already passed. To be completely clear, this is merely an explanation of the circumstances that led to this issue; Defendants' counsel recognizes this was their responsibility and the mistake was theirs alone.

Under Rule 6(b)(1)(B), the Court may extend the time for this deadline retroactively "if the party failed to act because of excusable neglect." Excusable neglect "is a somewhat 'elastic

Hon. Edgardo Ramos
December 4, 2025
Page 2

concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). "[I]t may encompass delays 'caused by inadvertence, mistake, or carelessness,' … at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (quoting *Pioneer*, 507 U.S. at 388, 394–95).

Here, Defendants' counsel respectfully submits that its delay in filing its Reply Brief meets these criteria. The total delay and requested extension is short—three days—and does not delay the case's overall schedule as two of the three pending motions to dismiss are still being briefed. The delay was not done in bad faith; Defendants' counsel did not realize its error until after the deadline had passed, and upon discovery worked diligently to coordinate the issue with Plaintiff's counsel and prepare its Reply Brief for filing. There is no prejudice to Plaintiff here, and in fact Plaintiff's counsel has graciously consented to this request for extension. Finally, although Defendants' counsel accepts full responsibility for their mistake, given the conflicting information regarding the case docket and the internal docketing issue, we respectfully submit that there was some merit to this excuse and request that these circumstances be deemed sufficient to both grant this extension and consider Defendants' attached Reply Brief effectively filed as of today.

We thank the Court for its time, consideration, and understanding.

Respectfully submitted,

Darren M. Geliebter

Darren M. Geliebter

cc:     Counsel of Record (via ECF)

The extension request is granted. The Court accepts QX World Kft. and White Dove Global Marketing Ltd.'s reply brief filed on December 4, 2025, Doc. 95-1, as timely.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: December 5, 2025
New York, New York