UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANDELAY KFT.,

                    Plaintiff,

          -*against*-

QX WORLD KFT., WILLIAM C.
NELSON, *also known as* DESIRÉ
DUBOUNET, *and* WHITE DOVE GLOBAL
MARKETING LTD.,

                    Defendants.

**ORDER**

25-cv-1368 (ER)

Ramos, D.J.:

Mandelay Kft. ("Mandelay") filed a complaint against QX World Kft. ("QX World"), William C. Nelson, also known as Desiré Dubounet ("Dubounet"), and White Dove Global Marketing Ltd. ("White Dove") on February 17, 2025. Doc. 1. Dubounet, proceeding *pro se*, brought counter claims against Mandelay and cross claims against QX World and White Dove on October 12, 2025. Doc. 59. Throughout October and November 2025, Dubounet filed a series of discovery motions with the Court. Docs. 62-64, 66–68, 74–76. On November 5 and 6, 2025, Mandelay, QX World, and White Dove filed motions to dismiss Dubounet's counter and cross claims. Docs. 77–78. On December 15, 2025, the Court granted Dubounet leave to file amended claims by January 14, 2026. Doc. 105.

On January 12, 2026, Sterling Nelson, the son of Dubounet filed a declaration stating that Dubounet passed away on December 26, 2025. Doc. 108. In the declaration, Nelson requested an extension of time and stated that he was pursuing the claims on behalf of Dubounet's estate. *Id.* Nelson attached a copy of Dubounet's will, passports, Dubounet's change of name, a police

report documenting Dubounet's death, and Sterling's own birth certificate. *Id.*[1]

On January 14, 2026, the Court issued a memo endorsement staying Dubounet's deadline to file her amended cross and counterclaims. Doc. 110. In the memo endorsement, the Court also stated that the deadline to move for a substitution of party pursuant to Fed. R. Civ. P. 25(a)(1) was April 13, 2026. *Id.* The Court further warned that failure to move for a substitution by that deadline would result in Dubounet's claims and all claims against Dubounet being dismissed. *Id.* Since then, there has been no activity on the docket.

Under Rule 25, if a party dies and the claim against him is not extinguished, a motion for substitution may be made within ninety days. *See* Fed. R. Civ. P. 25(a)(1). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* As the Court noted in its January 14, 2026 memo endorsement, because Nelson alerted the Court of Dubounet's death on January 12, 2026, the motion for substitution was due on April 13, 2026. Doc. 110. As no such motion has been filed, all claims against Dubounet and Dubounet's cross and counter claims in the instant action are dismissed.

The Clerk of Court is respectfully directed to terminate the party, William C. Nelson *also known as* Desiré Dubounet. Further the Clerk of Court is respectfully directed to terminate Dubounet's discovery motions, Docs. 62, 63, 64, 66, 67, 68, 74, 75, 76, and the motions to dismiss Dubounet's cross and counter claims, Docs. 77 and 78.

SO ORDERED.

---

[1] Sterling appears to have filed the same set of documents again on January 14, 2026. Doc. 109.

Dated:   May 4, 2026
         New York, New York

_____

Edgardo Ramos, U.S.D.J.